Clementine **MURRAY** and **Carmen R. Wright,** Guardian and Ad Litem for Adrian Lavonne Wright, Minor, Plaintiffs-Appellees,

v.

**RAMADA INN, INC., et al.,**
Defendants-Appellants.

No. 86–4648.

United States Court of Appeals,
Fifth Circuit.

July 13, 1987.

Brian D. Smith, Charles W. Salley, Shreveport, La., for defendants-appellants.

H. Alston Johnson, III, Baton Rouge, La., for amicus curiae—La Assoc. of Defense Counsel.

John E. McKay, Kansas City, Mo., Bennett L. Politz, Shreveport, La., for plaintiffs-appellees.

Before GOLDBERG, HILL and JONES, Circuit Judges.

ROBERT MADDEN HILL, Circuit Judge:

Defendants Ramada Inn, Inc., Interstate Motor Lodges of Shreveport, Inc., Barker Development and Management, Inc., and Aetna Casualty & Surety Company appeal from the judgment of the district court awarding $250,000 to the wife and child of Gregory Murray, who died of injuries received as a result of diving into a swimming pool at a Ramada Inn in Shreveport, Louisiana. As part of its defense, the defendants claimed that Murray could not recover because he knowingly dived into the shallow end of the pool in a manner he knew to be unsafe. Consequently, the defendants assert that the doctrine of assumption of the risk bars the plaintiffs' recovery. We conclude that the question of whether assumption of the risk has been subsumed into Louisiana's comparative negligence statute is an important issue that should be decided by the Louisiana Supreme Court. Accordingly, we certify this question to that court.

## I.

The facts of this case are fairly simple. On July 30, 1983, Murray, along with two of his brothers, began doing shallow water diving in the swimming pool at a Ramada Inn in Shreveport, Louisiana. On Murray's third dive into the pool, he struck his head on the bottom of the pool. This caused instant paralysis. After approximately five months of medical treatment, Murray died as a result of his injuries in December 1983. A suit was filed by Murray's wife, Tina Murray, and by Adrian Wright, who was a child of Murray's born out of wedlock.

At trial, conflicting expert evidence testimony was presented by both sides on whether the swimming pool was operated in an unreasonably dangerous manner. The testimony centered on the causal relationship between the lack of a lifeguard, the lack of a sign which indicated that no diving should be done in the shallow end of

the pool, and Murray's accident. There was other testimony, however, which indicated that Murray was aware of the dangers of diving into the shallow end of a pool at the time of the accident and thus assumed the risk of doing so.

The jury was presented with special written interrogatories. The jury responded that the defendants operated the swimming pool in an unreasonably dangerous manner, and that their negligence caused Murray's injuries and death. The jury also found that Murray was negligent in diving into the shallow end of the pool and concluded that the defendants and Murray were equally responsible for the accident. The jury awarded $250,000 in damages to Murray's wife and $250,000 to Murray's child. Based upon the jury's apportionment of liability, the district court entered a judgment in favor of the plaintiffs for $125,000 each.

The defendants filed an appeal, claiming that the district court made several erroneous rulings. In light of our decision to certify the relationship of comparative negligence and assumption of the risk to the Louisiana Supreme Court, we discuss only the issues relevant to our decision to certify this case and reserve the other issues raised until a later time.

## II.

The critical issue in this appeal is whether assumption of the risk has been subsumed by Louisiana's comparative negligence statute, La.Civ.Code Ann. art. 2323,[1] or whether it survives as a complete defense to a negligence claim. The district court ruled that it had been subsumed into comparative negligence and thus refused to consider the defense or instruct the jury on this.

Two separate panels of this court have noted that this issue is still unsettled under Louisiana law. *Hovanec v. Harnischfeger Corp.*, 807 F.2d 448, 450 n. 2 (5th Cir.1987); *Howell v. Gould*, 800 F.2d 482, 485 (5th Cir.1986).[2] Nothing has happened in Louisiana law since *Hovanec* was decided that would cause us to change our assessment of Louisiana law on this issue. In *Bell v. Jet Wheel Blast*, 462 So.2d 166 (La.1985), the Louisiana Supreme Court, in response to a certified question from this court, stated that the defenses of contributory negligence and assumption of risk do not act as a complete bar to recovery in strict products liability cases. *Id.* at 172–73. The court noted, however, that the question of whether other classes of cases fall within the category to which comparative fault may apply "must be decided on a case-by-case basis." *Id.* Although one justice wanted to apply the comparative fault approach to all tort cases, *see id.* at 173 (Watson, J., concurring), the majority deliberately avoided this all-inclusive approach.

In *Aguillard v. Langlois*, 471 So.2d 1011 (La.Ct.App.), *writ denied*, 476 So.2d 356 (La.1985), the court, after determining that the landowner in the case was guilty of negligence, analogized to *Bell* and implicitly held that assumption of the risk had been subsumed into the state's comparative negligence statute. 471 So.2d at 1015. However, in *Brown v. Harlan*, 468 So.2d 723 (La.Ct.App.), *writ dismissed*, 472 So.2d 26 (La.1985), the court held that under either a theory of negligence *or* strict liability, assumption of the risk acts as a complete bar to recovery. *Id.* at 728. Curiously, the court in *Brown* does not mention *Bell*, which came out four months earlier. While the *Brown* court may not have been aware of *Bell*, it still clearly indicates its view that assumption of the risk is a complete bar to a negligence action.

---

**1.** Article 2323 provides:
   When contributory negligence is applicable to a claim for damages, its effect shall be as follows: If a person suffers injury, death or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the claim for damages shall not thereby be defeated, but the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death or loss.
La.Civ.Code Ann. art. 2323 (West Supp.1987).

**2.** Neither of these panels needed to decide this issue or certify it to the Louisiana Supreme Court because there was no evidence to support a finding that the plaintiff had assumed the risk.

In light of the divergent views on this question by the Louisiana courts of appeals, we feel certification is appropriate. If assumption of the risk acts as a complete bar, Murray's awareness of the danger of diving into the shallow end of the pool will foreclose plaintiffs from recovering anything. If, on the other hand, assumption of the risk has been subsumed into the comparative negligence statute, then Murray's negligence will not preclude plaintiffs' recovery to the extent of the defendants' negligence. The importance of this question is demonstrated by the amicus brief filed in this case by the Louisiana Association of Defense Counsel.

### III.

The defendants argue, however, that there is no need to reach the question of whether the defense of assumption of the risk is subsumed by the comparative negligence statute because the way in which the defendants operated the swimming pool did not pose an unreasonable risk of harm to Murray under the circumstances. Thus, they contend, the district court erroneously denied their motion for a directed verdict and for judgment notwithstanding the verdict. We disagree.

█ In reviewing the denial of the defendants' motions challenging the jury verdict, we must consider the evidence in the light most favorable to the plaintiffs. The standard by which we review the jury's verdict is set out in *Boeing Co. v. Shipman*, 411 F.2d 365 (5th Cir.1969) (en banc):

[I]f there is substantial evidence opposed to the motions [for directed verdict and judgment notwithstanding the verdict], that is, evidence of such quality and weight that reasonable and fairminded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury ... [I]t is the function of the jury as the traditional finder of the facts, and not the Court, to weigh conflicting evidence and inferences, and determine the credibility of witnesses.

*Id.* at 374. We review the evidence of defendants' fault under this standard.

The accident occurred late in the afternoon during daylight hours. No lifeguard was on duty and there was no sign posted in the vicinity of the pool warning swimmers not to dive into the shallow end; there was, however, a pool rules sign in place which contained the language "No lifeguard—Swim at own risk." During trial, Murray cross-examined Keith Clayton, an inspector for Aetna Insurance who had inspected the Ramada Inn pool. Clayton testified that he had never seen a lifeguard at a hotel pool in Caddo Parish, where the Ramada Inn was located. He also testified that he had never seen a "no diving" sign at a pool where one end was deep enough for diving. Other evidence in the case, however, indicated that the Ramada Inn had previously removed a diving board in order to curtail diving and that other Ramada Inn pools had signs which prohibited diving. At the time of the accident the Louisiana Department of Health had a regulation requiring lifeguards at public bathing facilities.[3] The defendants, however, note that James Richs, the chief sanitarian for Caddo Parish, testified that the regulation had not been enforced in the parish during his 19 years with the department. They also point out that Connie Swindler, another guest at the hotel, testified that the pool had numbers on the edge of the water indicating the depth of the pool at that point.

---

3. Chapter IX of the Louisiana Sanitary Code states:

9.02 *General Provisions* The provisions of these regulations shall apply throughout the State and shall affect any person or persons, group, firm, corporation, partnership, institution, association, municipality, parrish, or other body providing or operating any swimming pool or bathing place.

9.12 *Supervision of Bathers* One or more life guards shall be on duty at swimming pools and bathing places during all bathing hours....

These regulations were repealed on March 20, 1984.

Both sides also called expert witnesses to support their cases. Plaintiffs' experts testified that the pool at the Ramada Inn was operated in an unreasonably dangerous manner. The defendants' experts, on the other hand, testified that the pool was not operated in a dangerous manner and that warning signs are ineffective in preventing injuries. Quite simply, both sides presented evidence to support their respective theories of the cause of Murray's accident, and the jury believed plaintiffs' position that the defendants' negligence contributed to Murray's accident.

The defendants also argue that the lack of a warning sign and lifeguard cannot be the proximate cause of Murray's injuries because Murray had full knowledge of the risk. The problem with this argument is that it depends on the answer to the very question we are certifying: whether assumption of the risk completely bars or merely reduces proportionately a plaintiff's recovery. Therefore, we reject the defendants' attempt to make the nonexistence of assumption of risk an element of a cause of action for negligence which the plaintiffs have the burden of proving, rather than a defense whose existence must be shown by the defendants.

An innkeeper's position vis-a-vis his guests is similar to that of a common carrier toward its passengers. *Kraaz v. La Quinta Motor Inns, Inc.*, 410 So.2d 1048, 1053 (La.1982). The innkeeper is obligated to take reasonable steps to minimize the dangers to his guests from the risks within his control. *Brown*, 468 So.2d at 726. In light of the evidence presented, especially the lack of a lifeguard as required by regulation and the lack of a warning sign, we believe that reasonable people could conclude that the defendants were negligent. Under *Boeing*, this is enough to sustain the jury's verdict. Accordingly, we hold that the district court properly rejected the challenge to the jury's finding that the defendants were negligent by denying the motions for a directed verdict and for judgment notwithstanding the verdict.

We also conclude that the testimony supports the jury's conclusion that Murray knew, appreciated, and voluntarily exposed himself to the risk of diving into the shallow end of the swimming pool. Consequently, we must certify the relationship of the comparative negligence statute and assumption of the risk to the Louisiana Supreme Court.

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF LOUISIANA, PURSUANT TO RULE XII, LOUISIANA SUPREME COURT RULES TO THE SUPREME COURT OF LOUISIANA AND THE HONORABLE JUSTICES THEREOF:

I. STYLE OF THE CASE

The style of the case in which certification is made is *Clementine Murray and Carmen R. Wright, Guardian and Ad Litem for Adrian Lavonne Wright, Minor, Plaintiffs-Appellees, versus Ramada Inn, Inc., et al., Defendants-Appellants,* Case No. 86–4648, United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Western District of Louisiana.

II. QUESTION CERTIFIED TO THE SUPREME COURT OF LOUISIANA

The following question of law is hereby certified to the Supreme Court of Louisiana for instructions based upon the facts recited herein:

Does assumption of the risk serve as a total bar to recovery by a plaintiff in a negligence case, or does it only result in a reduction of recovery under the Louisiana comparative negligence statute?

We disclaim any intention or desire that the Supreme Court of Louisiana confine its reply to the precise form or scope of the question certified.

This court also certifies to the Louisiana Supreme Court that its answer to this question will be determinative of this issue in this case.

The record in this case, together with the copies of the parties' briefs, is transmitted herewith.

QUESTION CERTIFIED.